UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| ALI JOOBEEN, | : | Bankruptcy No. 06-15749DWS |
| Debtor. | : | |

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| JIAN JOOBEEN, a Minor, | : | Bankruptcy No. 06-15752DWS |
| by Ali Joobeen, his Guardian & Trustee, | : | |
| Debtor. | : | |

# MEMORANDUM OPINION

**BY:  DIANE WEISS SIGMUND, United States Bankruptcy Judge**

These cases come to me on remand from the United States District Court for Eastern District of Pennsylvania, In re Joobeen, — B.R. — , 2008 WL 862323 (E.D. Pa. March 27, 2008) ("Joobeen-D") for clarification and further findings of fact with respect to this Court's Memorandum Opinion and Order dated May 23, 2007, dismissing the above-captioned bankruptcy cases. In re Joobeen, 2007 WL 1521230 (Bankr. E.D. Pa. 2007) ("Joobeen - B"). The purpose of this Memorandum Opinion is to answer the questions posed by the District Court and to clarify the scope of relief granted by my prior order. The May 23 Order will be amended in part to reflect these clarifications.

**BACKGROUND**

The facts of these cases are detailed extensively in Joobeen - B and Joobeen - D, which I incorporate by reference herein. To briefly summarize, the above-captioned bankruptcy cases were filed by Ali Joobeen ("Ali"), case no. 06-15749 in his own name (the "Ali Case") and case no. 06-15752 on behalf of his seven-year-old son, Jian Joobeen (the "Jian Case"). The Chapter 13 trustee (the "Trustee") filed motions to dismiss both cases on the basis that they were not filed in good faith. Also before me were motions filed in both cases by Ali's judgment creditor, Michael Tsokas ("Tsokas"), for relief from the automatic stay to execute on a judgment against certain real estate, discussed below.

In addressing the Trustee's motions I considered, *inter alia*, the timing of these cases as well as the existence and timing of Ali's two prior bankruptcy cases. Ali conceded that they all were filed to prevent the execution sale of real property at 3315 Park Avenue, Philadelphia, PA (the "Park Avenue Property") by Tsokas. At first owned by Ali, he transferred the Park Avenue Property for $1 to himself and the mother of Jian, Kelly M. Clark ("Clark") as trustees for seven-year-old Jian, prior to filing bankruptcy for Jian. Given these actions, as well as various proceedings filed by Ali and Clark in the state court to the same end, I had no difficulty in finding that the Ali and Jian Cases were not filed in good faith, but rather simply to harass and impede Tsokas from executing against the Park Avenue Property. The District Court agreed, holding that "[t]he bankruptcy court's legal conclusions follow from its factual findings, which are more than sufficient to support a determination that Ali filed both his own Chapter 13 bankruptcy case and his son Jian's case in bad faith." Joobeen - D at *9.

I held that an appropriate sanction for these bad faith filings was "a bar against future filings." Joobeen - B at *7. I also held that, while Tsokas' motions for stay relief were partly mooted by dismissal of the cases, they were not moot with respect to Tsokas' request that any future bankruptcy case filed within 180 days not act as a stay with respect to the Park Avenue Property.[1] The District Court has asked for clarification with respect to four discrete issues, which I address below.

**DISCUSSION**

*A. Clarify the in rem relief awarded concerning for how long the relief from the automatic stay in bankruptcy is being granted with respect to the Philadelphia real estate*

In the Memorandum Opinion, I stated my intention to grant the relief that was requested by Tsokas, namely that any bankruptcy case filed by any entity shall not operate as an automatic stay with respect to the Park Avenue Property for 180 days. Joobeen - B at *8. I did so pursuant to 11 U.S.C. § 362(d)(4), based upon my finding that Ali's and Jian's petitions were "part of a scheme to delay and hinder creditors that involved multiple filings affecting the Park Avenue Property." Id. As the District Court noted, however, the May 23 Order omits the 180-day restriction and instead orders that any bankruptcy petition subsequently filed "shall not serve as a stay of state law proceedings with respect to the

---

[1] See Motion for Modification and Relief from Stay with 180 Day Bar in Accordance with Section 362(d) (1) of the Bankruptcy Code And Right to Proceed for Sale and Possession ("Tsokas Motion") at 2.

-3-

[Park Avenue Property.]" This is a mere scrivener's error that would have been corrected had it been raised by the parties before the appeal. I will amend the May 23 Order to convey the 180-day limit.[2]

> *B. Make particularized findings concerning whether the bad faith of Ali Joobeen should be imputed to Jian Joobeen and Kelly Clark*

The question of attributing conduct to related entities with common interest in protecting property was addressed long ago in In re Kinney, 51 B.R. 840 (Bankr. C.D. Cal. 1985). That case involved several adult members in one family who filed ten bankruptcy cases in just over two years, all with the intent to protect a single property. The Kinney court recognized the abusive practice employed by related parties who filed serial bankruptcy cases to stay foreclosure on real property in which they each owned an interest. As that court noted:

> Here, the actions of each family member can be imputed to the rest of the family due to the unity of interest and concert of action. If the question of criminal conspiracy were pertinent, each family member would be liable for the acts of the others in furtherance of this scheme, for the Court infers mutual consent and conformance to a contemplated pattern of conduct. Esco Corporation v. United States, 340 F.2d 1000, 1008 (9th Cir.1965). In the presence of such a scheme, the individuality of each of the debtors is blurred, revealing one common entity with five operatives. Under such circumstances, orders binding one family member should bind the others as well. Pursuant to 11 U.S.C. § 105, the Court is able to bind parties even not before it when such a scheme is demonstrated by strong and clear evidence.

Id. at 845-46. A more recent example, In re Selinsky, 365 B.R. 260 (Bankr. S.D. Fla. 2007),

---

[2] The 180-day limit is intended to balance a debtor's right to secure prospective relief based on changed circumstances with a creditor's right not to be obstructed by the automatic stay of a bankruptcy filed without any legitimate bankruptcy purpose. It finds its origins in 11 U.S.C. § 109(g)(2). Whether this relief was effective as to Tsokas is unknown. However, it was the request that he made and thus it will be granted only to that extent.

involved a third bankruptcy case filed by debtor-wife in five years. Her husband had filed two in his own name and was a joint debtor on one of his wife's prior cases. The court recognized that these tag-team filings were part of a scheme and held that the actions of each spouse should be attributed to the other to support a bar order for both. Id. at 265-66 (*citing* Kinney). This Court has also cited to Kinney in barring non-debtors after finding a similar scheme. See In re Madera, 2008 WL 351446, *5 (Bankr. E.D. Pa. Feb 07, 2008) (imputing conduct of debtor's wife in her prior case against debtor in finding debtor's case was filed in bad faith); In re Norley, 2002 WL 1752280, at *4-5 (Bankr. E.D. Pa. 2002) (denying reconsideration of bar order against debtor's non-filing spouse). Nor is this principle limited to the actions taken in the bankruptcy court. Henkel v. Lickman (In re Lickman), 297 B.R. 162 (Bankr. M.D. Fla. Jul 25, 2003) involved concerted action violating the automatic stay by a debtor, her confederates and her attorneys over several years in the Pennsylvania and Florida courts, before the disciplinary board of the Florida Bar, through letter writing and media advertising, all of which was designed to dissuade and obstruct a chapter 7 trustee from administering a probate asset. That court found:

> As in Kinney, the totality of the evidence and testimony supports the conclusion that the defendants had a unity of purpose--to reserve or return to the debtor the probate asset, including the debtor's putative claims against the executrix. The totality of the evidence also supports the conclusion that the defendants acted together to achieve that purpose.

Id. at 199.

In Joobeen - B, I found the actions taken by Ali and Clark, particularly their timing, evidenced a clear scheme to delay and hinder creditors. Indeed, it was the presence of that

scheme which provided the basis for *in rem* relief from the automatic stay. To recapitulate, only after judgment was entered against Ali was the Jian trust created, with Ali and Clark as co-trustees, and the Park Avenue Property contemporaneously transferred to that trust. Id. at *7. Furthermore, I went "to great lengths to examine the State Court docket against the activity in this court to underscore the direct correlation between Ali's perception of his vulnerability to execution on the Judgments and his interest in a Chapter 13 reorganization." Id. at *6. The Memorandum Opinion documents in detail how, with Tsokas' execution imminent in June 2005, Ali and Clark took turns filing various motions in the State Court, interspersed with Ali's and then Jian's bankruptcy filings, all designed to obtained a stay against Tsokas executing on the Park Avenue Property. Id. at *5.

Jian, as beneficiary of the trust owning the Park Avenue Property, and Clark as trustee, have a clear unity of interest with Ali. Taking judicial notice of Clark's actions as reflected in the State Court docket, I easily conclude that she has acted in concert with Ali or been complacent in allowing Ali to file motions in her name. Jian being a minor, was incapable of actively participating in this scheme, but Ali used him as a strawman to hold the Park Avenue Property and filed bankruptcy on his behalf. As co-trustee and guardian of Jian, and as was apparent from her efforts to intervene in opposition to the Tsokas and Trustee motions, Clark, his mother, implicitly authorized this conduct. Thus, individuality is blurred and Ali, Clark, and Jian are properly treated as a single entity. Kinney, 51 B.R. at 845-46.

> *C. Clarify whether the bankruptcy court Order would preclude Kelly Clark from filing any subsequent petition without leave of the bankruptcy court, or only bankruptcy petitions filed in her capacity as trustee and guardian of Jian Joobeen.*

In addition to barring Ali and Jian from filing further petitions without leave of Court, the May 23 Order imposes that restriction upon "any trustee or guardian of Jian Joobeen," i.e., Clark. Both the transfer of interest in the Park Avenue Property to Clark and her actions in the State Court are in her capacity as Jian's guardian and/or trustee of the trust. Indeed, outside of those roles she would have no standing with respect to any proceeding involving the Park Avenue Property. It was only in that capacity which I intended to limit the bar against future filings and I will amend the May 23 Order to better reflect that restriction.[3]

> *D. Determine whether the Jian Joobeen Chapter 13 bankruptcy case was improperly commenced, and if improperly commenced, whether the bankruptcy court may reach a finding of bad faith in such circumstances.*

The District Court opinion refers to Jian's eligibility to file a chapter 13 case under 11 U.S.C. § 109(e), specifically whether the case was filed on behalf of an individual rather than a trust and whether Jian has regular income as required by that provision.[4] Joobeen - D at *11. This issue was raised by the Chapter 13 Trustee for the first time on

---

[3] While Clark is thus able to commence a bankruptcy case to address her own personal liabilities, it is not intended that any such case shall include the Park Avenue Property as property of her estate. To the extent a further transfer of the Park Avenue Property is affected in contemplation of a Clark petition to gain the protection of the automatic stay, such actions would be inconsistent with the relief being afforded her.

[4] Among other debt requirements, not relevant here, "[o]nly an individual with regular income . . . may be a debtor under chapter 13 of this title." 11 U.S.C. 109(e) (emphasis added).

appeal to the District Court. See Brief of Appellee at 7-8. The District Court queries whether Jian's ineligibility to be a chapter 13 debtor would render the case void *ab initio* and, if so, whether dismissal on a bad faith basis is proper.

First, it appears that Ali, Jian, and Clark on remand acknowledge that Jian's case was intended to be and was filed on behalf of Jian as an individual, and not as a trust. Memorandum of Law on Remand at 2.[5] This comports with my view of the documentation which while suffering from the inartful pleading of a *pro se* debtor, commenced an individual case.[6] While this admission may moot the District Court's question, I will address it nonetheless.

Numerous opinions have been written on debtor eligibility under § 109, which defines who may be a debtor under the various chapters of the Bankruptcy Code. Most recently this issue has arisen in the context of subsection 109(h), added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") and which requires all

---

[5] The parties were afforded a brief period to address the issues raised by the District Court. Ali Joobeen filed a Memorandum in Support of Law on Remand on April 21, 2008.

[6] Jian's petition was filed by Ali *pro se* before attorney Scholl entered his appearance. It is captioned "JOOBEEN. JIAN (a Minor, by ALI JOOBEEN. his Guardian & Trustee."). The confusion arises from his failure to check off "individual" in the portion of the petition identifying the type of debtor. Instead, the box labeled "other" is checked and underneath is written "the Trust of Joobeen, Jian." However, at all times the parties, including the Trustee, have treated this case as having been filed on behalf of an individual, Jian. Jian filed a plan and a Schedule I which indicates monthly rental income from the Park Avenue Property. The Trustee never raised eligibility and always administered the case as having been filed by an individual, albeit a minor. See, Chapter 13 Standing Trustee's Motion to Dismiss with Prejudice at 1, ¶1 ("Guardian and trustee, Ali Joobeen ... filed the above-captioned bankruptcy case on December 4, 2006 on behalf of his 7 year old minor son.").

individual debtors to obtain credit counseling prior to filing.  See e.g. In re Tomco, 339 B.R. 145 (Bankr. W.D. Pa. 2006).  While a minority of courts have "stricken" a petition filed by an ineligible debtor,[7] the overwhelming majority recognize that dismissal is the more proper remedy.  E.g., In re Seaman, 340 B.R. 698, 706 n.3 (*citing* thirty-four decisions dismissing based on ineligibility under § 109(h) and rejecting "striking" of petition); Tomco, 339 B.R. at 158 (same).

As the Tomco court noted, "the operative event which triggers the commencement of a bankruptcy case, and this Court's jurisdiction, is the filing of a petition." Id. at 159.  It is that event which triggers the automatic stay, one of the fundamental protections of bankruptcy.  Treating the ineligible debtor's case as a legal nullity opens the door to uncertainty over the automatic stay, creating risk that creditors might unilaterally ignore the stay where they believe eligibility is lacking.  Id.  See also Seaman, 340 B.R. at 705-06.

In the context of the eligibility under 109(e), at issue here, there is almost universal acceptance that ineligible debtors have nevertheless filed a "case" and that conversion to another chapter or dismissal is the proper remedy for ineligibility.  E.g. Seaman, 340 B.R. at 701 (*citing* e.g., Dillon v. Texas Comm'n on Envtl. Quality, 138 Fed.Appx. 609, 612 (5th Cir. 2005) (dismissal of case was proper where debtor was ineligible); In re Mazzeo, 131 F.3d 295 (2d Cir.1997) (affirming dismissal of case where debtor's unsecured debt exceeded the Section 109(e) limit); In re Ross, 338 B.R. 134, 136-37 and n. 2 (Bankr. N.D. Ga.2006); In re Rifkin, 124 B.R. 626, 629 (Bankr. E.D.N.Y. 1991)).

---

[7] See e.g., In re Rios, 336 B.R. 177 (Bankr. S.D.N.Y. 2005) and In re Hubbard, 333 B.R. 377 (Bankr. S.D. Tex.2005).

Not only is ineligibility an independent basis for dismissal, it has properly been considered as a factor in determining whether a case is filed in bad faith.  E.g., In re Myers, 491 F.3d 120, 125-26 (3d Cir. 2007) (affirming dismissal for bad faith where lack of eligibility was one of five factors considered by the bankruptcy court); In re Loya, 123 B.R. 338, 341 (BAP 9th Cir. 1991) (recognizing chapter 13 eligibility as factor considered by the bankruptcy court for bad faith dismissal and remanding for further consideration on that factor); In re Lewis, 339 B.R. 814, 817 (Bankr. S.D. Ga. 2006) ("an individual debtor's eligibility to receive a discharge in a chapter 13 case is a factor to be considered in determining whether the debtor is proceeding in good faith").  Assuming that Jian was in fact ineligible for chapter 13 relief, that infirmity would not have precluded my ability to find his case was filed in bad faith.  To the contrary, if I found that Jian was an ineligible debtor and Ali filed a bankruptcy case on his behalf to obstruct Tsokas with knowledge that Jian was not entitled to bankruptcy protection, I would have considered it as another factor supporting dismissal for bad faith.

## CONCLUSION

Having addressed the issues raised by the District Court, I shall amend the May 23 Order consistent with this Memorandum Opinion.  A copy of both shall be sent to the District Court.

DIANE WEISS SIGMUND
United States Bankruptcy Judge

Dated:  May 6, 2008

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| ALI JOOBEEN, | : | Bankruptcy No. 06-15749DWS |
| | : | |
| Debtor. | : | |

| | | |
|---|---|---|
| | : | |
| In re | : | Chapter 13 |
| | : | |
| JIAN JOOBEEN, a Minor, | : | Bankruptcy No. 06-15752DWS |
| by Ali Joobeen, his Guardian & Trustee, | : | |
| | : | |
| Debtor. | : | |

# ORDER
## AMENDING ORDER OF MAY 23, 2007

**AND NOW**, this 6th day of May 2008, these cases coming before the Court on remand from the United States District Court for Eastern District of Pennsylvania, In re Joobeen, — B.R. — , 2008 WL 862323 (E.D. Pa. March 27, 2008), for clarification and further findings of fact with respect to this Court's Memorandum Opinion and Order dated May 23, 2007 (see, Doc. No. 104, Case No. 06-15749 and Doc. No. 75, Case No. 06-15752, hereinafter the "May 23 Order");

**And** the District Court requesting clarification on four issues, which this Court has addressed in the accompanying Memorandum Opinion;

<u>In re Ali Joobeen - Bankruptcy No. 06-15749DWS</u>
<u>In re Jian Joobeen - Bankruptcy No. 06-15752DWS</u>

**And** consistent with the clarification provided by the accompanying Memorandum Opinion, the May 23 Order requiring amendment in certain respects;

It is hereby **ORDERED and DECREED** that:

1. Paragraph 1 of the May 23 Order is amended to add "on Jian's behalf" after "any trustee or guardian of Jian Joobeen ."

2. Paragraph 2 of the May 23 Order is amended to add "for a period of 180-days from the date of this Order" after "Philadelphia, PA."

_____
DIANE WEISS SIGMUND
United States Bankruptcy Judge